# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Isiah James, Jr., #96883, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 9:08-0144-TLW-BM |
| | ) | |
| v. | ) | |
| | ) | |
| C. Kelly Jackson, Samuel Watson, | ) | |
| Robert Ward, Wanda Bouy, | ) | **REPORT AND RECOMMENDATION** |
| Christopher Felder, Shirley Singleton, | ) | |
| Levern Cohen, Cheryl Ridge, | ) | |
| John Doe of/and Scientific Testing | ) | |
| Laboratories, C. Anthoney Burton, | ) | |
| Carl Frederick, Daniel J. Murphy, | ) | |
| Blake Tylor, Regina Spann, | ) | |
| Jon Ozmint and South Carolina | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendants.

The Defendant Kelly Jackson filed a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. on April 30, 2008. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on May 1, 2008, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted. Thereafter, the Defendant South Carolina Department of Corrections also filed a motion to dismiss on May 7, 2008, following which a second Roseboro order was issued on May 8, 2008. Plaintiff filed a memorandum in opposition to these motions, styled as a "Motion for Declaratory Judgment", on June 2, 2008, and the

1



Defendants filed a reply memorandum on June 13, 2008.

On August 19, 2008, counsel for all of the Defendants (except the Defendant John Doe of/and Scientific Testing Laboratories) filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., following which a third Roseboro order was entered by the Court on August 22, 2008.  The lone remaining Defendant, Joe Doe of/and Scientific Testing Laboratories, filed a motion for summary judgment on October 8, 2008, and a fourth Roseboro order was entered on October 17, 2008.  Plaintiff filed a memorandum in opposition to these motions, with attached exhibits, on October 21, 2008, and the Defendants filed reply memoranda on October 31, 2008 and December 10, 2008.  Another response in opposition was filed by the Plaintiff on December 1, 2008, including a supplement, along with a document styled "motion for partial summary judgment", to which Defendants' filed a reply memorandum on December 18, 2008.

These motions are now before the Court for disposition.[1]

**Background and Evidence**

Plaintiff alleges several claims in his verified complaint.[2]  Plaintiff initially asserts that a possession of contraband charge filed against him on or about August 22, 2006, violated his due process rights because it was untimely.  Plaintiff also alleges that this charge was brought against him

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C.  The Defendants have filed motions to dismiss or for summary judgment.  As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).  Plaintiff has filed a verified Complaint.  Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

2



in retaliation for his having previously filed lawsuits against two state agencies. This charge was filed by the Defendant Samuel Watson, a correctional officer, and Plaintiff asserts that the Defendants Robert Ward, Rhonda Bouy, Christopher Felder, Shirley Singleton and Lavern Cohen are all co-conspirators in this conduct. Plaintiff further alleges that this charge was upgraded to a major infraction from a minor infraction after he refused the Defendant Felder's request to forego his trial rights.

Plaintiff also alleges a violation of his due process rights because he was denied a "property interest" in inmate pay after he was convicted of this charge as a major infraction. Plaintiff further alleges that his equal protection rights were violated because the Defendant Felder dismissed the same charge against another inmate, Richard Brockington, "probably because he was the tipster who got Plaintiff and twenty-something other people charged . . . ." Plaintiff also alleges that his cell mate is a Caucasian, although it is not clear who this person is or how this relates to his equal protection claim.

Plaintiff alleges that the Defendant Cohen violated his due process rights by dismissing his Step 1 grievance, and that the Defendant Kelley Jackson (the Third Circuit Solicitor) violated his due process rights due to some action Jackson took in state court (the actual conduct Jackson engaged in is not clear from the Complaint).

Plaintiff alleges that he has submitted three Freedom on Information Act (FOIA) requests to the Defendant John Doe of/and Scientific Testing Laboratories about a "903 infraction", but that this Defendant has never responded to his FOIA request. This "903 infraction" apparently arose out of a positive drug test for "THC" which was ordered by the Defendant Cheryl Ridge and conducted by the Defendant Watson. Plaintiff alleges that the conduct of this test was arbitrary and capricious, and violated his due process rights. Plaintiff also alleges that all of the Defendants

3



engaged in a conspiracy to subject him to a urinalysis out of retaliatory and vindictive motives arising from his contraband conviction.

Plaintiff alleges that the Defendants Burton and Cohen improperly granted an extension for his "903" disciplinary hearing on or about September 26, 2006, which violated his due process rights; that he was subsequently convicted of the "903" infraction on or about October 10, 2006; and that the Defendant Cohen thereafter denied his appeal. Plaintiff further alleges that even though his original August 2006 contraband charge was later overturned, with all sanctions being lifted including reinstatement of his state pay, his state pay was again terminated due to the unsuccessful appeal of his later "903" conviction, which Plaintiff again asserts amounts to a due process violation.

Plaintiff alleges that the Defendant Daniel Murphy responded to a FOIA request he made concerning people who received urinalysis testing, but failed to provide Plaintiff with the list of names he was seeking in violation of the FOIA law. Plaintiff also alleges that the Defendants Blake Taylor and Regina Spann intentionally did not adjust his suspension or termination of privileges after his contraband conviction was overturned, although his privileges were apparently reinstated later on August 31, 2007, and that Taylor and Spann's actions were taken out of retaliation and vindictiveness. Finally, Plaintiff alleges that he was denied a right to appeal based on his indigency and social status, with the Defendant Carl Frederick being named as a defendant because he knew or should have known that Plaintiff was being subjected to arbitrary and capricious actions by the other Defendants regarding the "903" conviction.

Plaintiff seeks monetary damages, prospective injunctive relief, payment of his inmate pay, and that the Defendants be required to respond to Plaintiff's FOIA request. See generally, Verified Complaint, with attached exhibits.

4



In support of summary judgment in the case, the Defendant Kelly Jackson has submitted an affidavit in which he attests that he is the Solicitor for the Third Judicial Circuit, that he has no responsibilities or duties regarding the Department of Corrections or the Plaintiff's incarceration, and that his only communication with the Plaintiff has been several pieces of correspondence from 2000 or 2001 which involved requests for destruction of records on behalf of himself and a "Maurice Mack". Jackson attests that these pieces of correspondence were included as attachments to Defendant's Motion for Summary Judgment in another federal case, Civil Action Number 0:01-3981-13BD, and that he has had no other communications with the Plaintiff. See generally, Jackson Affidavit.

The Defendant Robert Ward has submitted an affidavit wherein he attests that he is the Division Director of Operations for the South Carolina Department of Corrections, that his job is to oversee the general operation of the institutions and facilities of the Department of Corrections, that in this position he has no direct responsibility for the supervision, custody, control or care of inmates, and that he is not aware of any violation of the Plaintiff's constitutional rights by himself or any other employee or agent of the Department, nor has he ever been involved in any conspiracy to violate Plaintiff's constitutional rights. See generally, Ward Affidavit.

The Defendant Shirley Singleton has provided an affidavit wherein she attests that she is a Disciplinary Hearing Officer (DHO) with the Department of Corrections, and that she served as the DHO in SCDC Disciplinary Case Number 06-00010, which involved a 903 charge against the Plaintiff for use or possession of narcotics, marijuana or unauthorized drugs, including prescription drugs or inhalants. Singleton has attached a true and correct copy of the SCDC disciplinary report and hearing record in this case to her affidavit. Singleton attests that the disciplinary proceedings in this case were conducted in accordance with all applicable SCDC policies and procedures, that the

5



evidence supported a finding of guilt, that the conviction was appropriately entered, and that the sanctions imposed were within the range of sanctions deemed appropriate for the offense. See generally, Singleton Affidavit with attached exhibit.

The Defendant Levern Cohen has submitted an affidavit wherein he attests that he is the Warden of the Ridgeland Correctional Institution, where Plaintiff is housed, that he is not aware of any violation of the Plaintiff's constitutional rights by either himself or any other agent or employee of the Department, and that he has not been involved in any conspiracy to violate Plaintiff's constitutional rights. See generally, Cohen Affidavit. The Defendants Anthony Burton (Associate Warden), Christopher Felder (a Major at RCI), Wanda Buoy (a Lieutenant), Samuel Watson (a Sergeant), Regina Spann (an Administrative Specialist B), and Carl Frederick (Operations Coordinator for the South Carolina Department of Corrections) have all submitted affidavits wherein they attest to the same statements and representations as Warden Cohen. See generally, Defendants' Affidavits.

Finally, as attachments to his memoranda in opposition to summary judgment in this case, Plaintiff has attached numerous exhibits including copies of Incident Reports, SCDC Policies and Procedures, Requests to Staff Members, copies of some administrative orders (but not necessarily relating to the Plaintiff), copies of disciplinary reports and hearing records, inmate grievance forms, letters, and newspaper articles, all of which have been reviewed by the Court.

### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the



pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.[3] Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes for the reasons set forth hereinbelow that the Defendants' motions should be granted, and this case dismissed.

**I.**

First, the Defendant South Carolina Department of Correction's motion to be dismissed as a party defendant (Court Docket No. 43) should be granted because, as an agency of the State of South Carolina, this defendant enjoys Eleventh Amendment immunity from a § 1983 damages suit in this Court. See Belcher v. South Carolina Board of Corrections, 460 F.Supp. 805, 808-809 (DSC 1978); Simmons v. South Carolina State Highway Department, 195 F.Supp. 516, 517 (E.D.S.C. 1961); see also Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984). No basis for injunctive relief has been shown; see, discussion, infra; and Plaintiff has otherwise set forth no cogent argument for why the Department of Corrections should remain a party defendant in this

---

[3]As both parties have submitted numerous exhibits and affidavits, all of the motions have been considered under the summary judgment standard. Bosiger v. U. S. Airways, 510 F.3d 442, 450-451 (4th Cir. 2007).



7

case.

## II.

The Defendant Kelly Jackson's motion to be dismissed as a party defendant should also be granted. It is undisputed that Jackson is the Solicitor for the Third Judicial Circuit, that Plaintiff's only contact with him was in his capacity as the Third Circuit Solicitor, and that as such he is entitled to prosecutorial immunity from liability for any claims brought against him under § 1983. Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, 500 U.S. 478 (1991).

## III.

With respect to the remaining Defendants (except the Defendant "John Doe of/and Scientific Testing Laboratories"), as public employees they are all subject to suit under § 1983 in their individual capacities. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); Hafer v. Melo, 112 S.Ct. 358, 365 (1991); Goodmon v. Rockefeller, 947 F.2d 1186 (4th Cir. 1991); Inmates v. Owens, 561 F.2d 560 (4th Cir. 1977). Construed liberally, Plaintiff is asserting his claims against these Defendants in their individual capacities. Nevertheless, after careful review and consideration of Plaintiff's claims in conjunction with the evidence submitted, it is readily apparent that the claims asserted against these Defendants are without merit.[4]

---

[4]One argument advance by the Defendants is that Plaintiff failed to exhaust his administrative remedies because he failed to pursue his claims through the State Administrative Law Court appeal procedure prior to filing this lawsuit, and that this case is therefore subject to dismissal on that basis. However, Plaintiff does not need to pursue his grievances through the State Administrative Law Court process in order to exhaust his administrative remedies for purposes of filing a § 1983 lawsuit. Johnson v. Ozmint, 567 F.Supp. 2d 806, 820, n.5 (D.S.C. 2008); Duncan v. Langestein, No. 07-268, 2008 WL 153975 at * 5 (D.S.C. Jan. 14, 2008) (citing Charles v. Ozmint, No. 05-2187, 2006 WL 1341267 at * 4 n. 4 (D.S.C. May 15, 2006) (recognizing that completion of Step 2 grievance exhausts administrative remedies and § 1997(a) does not require inmates to further appeal to Administrative Law Court.)); Ayre v. Currie, No. 05-3410, 2007 WL 3232177 at * 7 n.5 (D.S.C. Oct. 31, 2007). Therefore, the undersigned has considered Plaintiff's claims on the merits.

8



With respect to Plaintiff's complaints that his due process rights were violated as a result of the disciplinary charges brought against him, there is no evidence to show a due process violation relating to these charges. With respect to his October 2006 disciplinary charge and hearing, the documentary evidence shows that Plaintiff received the required inmate notification on September 13, 2006 (as is evidenced by his signature), and that following the hearing the DHO set forth her reasons for the decision rendered, with the Plaintiff then being given a copy of the decision (as again is noted by his signature). See Singleton Affidavit, with attached exhibit. As for Plaintiff's August 2006 disciplinary charge and conviction, the record exhibit reflects Plaintiff received the required notice (date illegible), that the hearing was held on August 31, 2006, that the DHO set forth her reasons for the decision rendered, with Plaintiff then being given a copy of the decision (again as noted by his signature). see attachment to motion for order compelling discovery (Court Docket #89). In any event, Plaintiff himself acknowledges that he appealed this conviction, and that it was reversed on appeal with all sanctions imposed being lifted.

In sum, the evidence before the Court reflects that Plaintiff was provided with the minimal standard of due process required with respect to these charges. The evidence reflects that Plaintiff was provided with written notice of the charges and was given the opportunity to have his accuser present at the hearing and to present his own testimony and evidence. The evidence further reflects, as is shown by Plaintiff's own signature on the hearing decisions, that he was provided with copies of the final reports and decisions, which cited the evidence on which the Hearing Officer relied and the reasons for the action taken. See Wolff v. McDonnell, 418 U.S. at 563-576; Luna v. Pico, 356 F.3d 481, 487-488 (2d Cir. 2004) [noting that due process requirements are satisfied where a prisoner is given advance written notice of the charges, the right to participate in the hearing and call witnesses, and provided with a written statement setting out the decision and the reasons therefore].

9



None of Plaintiff's exhibits and evidence show that any of the actions concerning these disciplinary matters were "arbitrary and capricious", as alleged in his complaint, or that his due process rights were violated.

In an institutional setting, the fact-finder need only show that some evidence existed to support the decision. Superintendent, Massachusetts Correction Institution v. Hill, 472 U.S. 445, 456-457 (1985); see Piggie v. Cotton, 344 F.3d 674, 677 (7th Cir. 2003). The Supreme Court in Superintendent evidenced a distaste for allowing the federal courts to review the outcome of prison disciplinary actions, and under the applicable caselaw a disciplinary decision is sufficient to pass scrutiny under the due process clause if it is supported by "some" evidence. Id; Baker v. Lyles, 904 F.2d 925 (4th Cir. 1990); Sales v. Murray, 862 F.Supp. 1511 (W.D.Va. 1994); McClung v. Shearin, No. 03-6952, 2004 WL 225093 (4th Cir. Feb. 6, 2004). The evidence presented shows compliance with this standard.

Finally, Plaintiff makes various other claims concerning the conduct of his disciplinary hearings, including that they were not timely pursued as well as other alleged policy violations, none of which are required by Wolff and its progeny. The sole question before this Court is whether Plaintiff has submitted sufficient evidence to maintain a *constitutional* claim, not whether he may have a claim under some state law, prison policy, or administrative procedure. See DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care]. He has failed to submit evidence to meet this standard. Wolff, 418 U.S. at 563-576; Coleman v. Smith, 828 F.2d 714 (11th Cir. 1987); Stewart v. Thigpen, 730 F.2d 1002 (5th Cir. 1984); Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981). Hence, Plaintiff's claims that the Defendants have not properly followed their own

10



policies and procedures, even if true, fail to set forth a claim of a constitutional magnitude. See Keeler v. Pea, 782 F.Supp. 42, 44 (D.S.C. 1992) [violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983]). See also Scott v. Hamidullah, No. 05-3027, 2007 WL 904803 *5 n.6 (D.S.C. Mar. 21, 2007) (citing Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)); Johnson v. S.C. Dep't of Corrections, No. 06-2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) ["Plaintiff's allegation that defendants did not follow their own policies or procedures, standing alone, does not amount to a constitutional violation."] (citing Riccio, 907 F.2d at 1469 [if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue]. *Cf.* Paul v. Davis, 424 U.S. 693, 701 (1976) [not every claim which may set forth a cause of action under a state tort law is sufficient to set forth a claim for a violation of a constitutional right].

Defendants are entitled to summary judgment with regard to Plaintiff's due process claims concerning the conduct and handling of his disciplinary hearings.

**IV**

Giving Plaintiff's Complaint the liberal construction to which he is entitled as a pro se litigant, it is conceivable that Plaintiff has also intended to assert a claim in his Complaint that he was improperly denied access to the prison grievance system, or that his grievances were improperly handled. However, this is not a claim cognizable under 42 U.S.C. § 1983, as there is no constitutional right to access to a prison grievance procedure. See Adams v. Rice, 40 F.3d 72 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) [existence of a prison grievance procedure does not confer any substantive right upon inmates]; Brown v. Dodson, 863 F.Supp. 284 (W.D.Va. 1994) [inmates do not have a constitutionally protected right to a grievance procedure]; Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982) [even where

11



a state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights. Therefore, a state's failure to follow its grievance procedures does not give rise to a § 1983 claim]; Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo. 1986) [holding that an inmate grievance procedure is not constitutionally required]; see also McGuire v. Forr, No. 94-6884, 1996 WL 131130, at *1 (E.D.Pa. March 21, 1996), aff'd, 101 F.3d 691 (3d Cir. 1996) [creation of a grievance system by a state does not create any federal constitutional rights, as prisoners are not constitutionally entitled to a grievance procedure]; Moore v. Sergent, No. 01-1271, 2001 WL 1355298 (6th Cir. Oct. 26, 2001); *cf.* Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) [prison officials may place reasonable limits on prisoner's access to grievance procedure]. Therefore, any such claim is subject to dismissal.

## V.

Plaintiff also alleges generally that the Defendants were out to "get him" or otherwise were engaging in some kind of conspiracy with respect to the actions taken against him. This bald assertion, without more, is not sufficient to survive summary judgment. *Cf.* Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995) ["We have specifically rejected Section 1985 claims whenever the purported conspiracy is alleged in a mere conclusory manner"]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]. While Plaintiff alleges that this conspiracy was based on a retaliatory animus on the part of the Defendants because Plaintiff had filed other civil lawsuits or had contested his disciplinary charges, he has presented no evidence to support this assertion, and such general and conclusory claims standing alone do not constitute evidence sufficient to survive a motion for summary judgment. Woods v. Edwards, 51 F.3d 577, 580-581 (5th Cir. 1995) [summary judgment affirmed where inmate offered no evidence other than his personal belief that the alleged retaliatory actions were based on



12

his exercise of his rights]; Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) [speculative and conclusory allegations cannot support retaliation claim]; Wright v. Vitall, No. 91-7539, 1991 WL 127597 at**1 (4th Cir. July 16, 1991) [Retaliation claim based on mere conclusory statements cannot withstand defendants' summary judgment motion]; LaCroix v.Williams, No. 97-0790, 2000 WL 1375737 at *4 (W.D.N.Y. Sept. 21, 2000) ["Plaintiff's conclusory allegations aside, there is simply nothing in the record to support his version of the facts and plaintiff's claim for retaliation fails"]; Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995)[case dismissed where Plaintiff produced nothing beyond his own conclusory allegations suggesting that prison official's actions were motivated by a retaliatory animus].

Therefore, this claim should be dismissed.

## VI.

Plaintiff also claims that his equal protection rights were violated because he was prosecuted by the Defendant Felder even though the same charge was dismissed against another inmate, Richard Brockington. While not specified in the allegations of his complaint, Plaintiff states in his other filings that similar charges were dismissed against Brockington, a black male, who also had a cell mate of African descent, while Plaintiff's charge (it is unclear what race Plaintiff is) was not dismissed, with Plaintiff's cell mate being of Caucasian descent. See Plaintiff's Memorandum in Opposition, at pp. 11-12; Supplemental Memorandum, p. 6. How these facts (assumed to be true for purposes of summary judgement) constitute an equal protection claim remains a mystery.

While allegations by an inmate that he was treated differently because of his race can give rise to a claim under § 1983; see Tilden v. Pate, 390 F.2d 614, 616 (7th Cir. 1968)["[I]t is impermissible for prison authorities to discriminate against inmates on account of their race . . . ."]; Buford v. Sutten, No. 04-959, 2005 WL 756092 at * 3 (W.D.Wis. Mar. 29, 2005)["An individual

13



seeking relief on a claim of race discrimination under the equal protection clause must allege facts suggesting that a person of a different race would have been treated more favorably."](citing Jaffe v. Barber, 689 F.2d 640, 643 (7th Cir. 1982); Plaintiff has presented no evidence whatsoever to support such a claim, or to even show what his own race is. Further, Plaintiff alleges in his Verified Complaint that the charges were dismissed against Brockington "probably because he was the tipster . . . .", not because of anything having to do with his race. Hence, even if it is assumed that Plaintiff is white, the allegations presented are not sufficient to show a constitutional violation or to survive summary judgment. See generally Jaffe v. Federal Reserve Bank of Chicago, 586 F.Supp. 106, 109 (N.D.Ill. 1984) [A plaintiff "cannot merely invoke his race in the course of the claim's narrative and automatically be entitled to pursue relief"]; May v. Baldwin, 895 F.Supp. 1398, 1410 (D.Or. 1995)["Though prison authorities may not discriminate against inmates on the basis of their race, plaintiff offers no evidence that he has been mistreated by prison officials because he is black."](internal citation omitted), aff'd, 109 F.3d 557 (9th Cir. 1997), cert. denied, 522 U.S. 921 (1997); see also Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986)["(Plaintiff's) conclusory allegations of racial discrimination are not sufficient to establish liability."].

     Therefore, this claim should be dismissed.

### VII.

     With respect to Plaintiff's claim that he was not allowed to work and earn inmate pay due to his disciplinary charges and/or convictions, and that this somehow violated his "property rights", these allegations fail to set forth a constitutional violation because the applicable case law generally holds that prisoners have no constitutional right to a prison job. See, e.g., Bulgur v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995) [federal prisoner]; Dupont v. Sanders, 800 F.2d 8, 10 (1st Cir. 1986) [state prisoner]. Assignments of work to prisoners is a matter of prison

14



administration, within the discretion of prison administrators, and inmates do not have a liberty interest derived from the due process clause, nor do they have a property interest, in a specific job or any job at all while incarcerated. Watts v. Morgan, 572 F.Supp. 1385, 1388 (N.D.Ill. 1983); James v. Quinlan, 866 F.2d 627 (3rd Cir. 1989). This claim is without merit.

## VIII.

Finally, Plaintiff appears to be asserting a claim for violation of the South Carolina Freedom on Information Act by a Defendant (John Doe of/and Scientific Testing Laboratories) who is not a state actor. As such, it is not a proper claim for consideration under § 1983, but is instead a state law claim which should be heard in state court.

If the Court adopts the recommendations previously made herein with respect to Plaintiff's federal claims, there will be no independent basis for maintaining this state law claim in federal court, and it should therefore be dismissed, without prejudice. United Mine Workers v. Gibbs, 383 U.S. 715 (1966); Mills v. Leath, 709 F.Supp. 671, 675-676 (D.S.C. 1988); Taylor v. Waters, 81 F.3d 429, 437 (4th Cir. 1996). This will allow Plaintiff to pursue this claim in state court, should he choose to do so.[5] see also 28 U.S.C.A. § 1367(d); Hedges v. Musco, et al., 204 F.3d 109, 123-124 (3rd Cir. 2000); Beck v. Prupis, 162 F.3d 1090, 1099-1100 (11t Cir. 1998)["A dismissal under section 1367 tolls the statute of limitations on the dismissed claims for 30 days"]; Seabrook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998)["Section 1367(d) ensures that the plaintiff whose supplement jurisdiction is dismissed has at least thirty days after dismissal to refile in state court."].

---

[5]According to the affidavit of Christine Skalamera (Court Docket No. 108-2), Plaintiff has already obtained a copy of the controlled substance test from September 21, 2006, which is what he sought from this Defendant.



15

**Conclusion**

Based on the foregoing, it is recommended that the Defendants' motions to dismiss and/or for summary judgment be **granted**, with prejudice, with respect to Plaintiff's federal claims. It if further recommended Plaintiff's state law claim under the South Carolina Freedom of Information Act be **dismissed**, without prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

December 30, 2008
Charleston, South Carolina



16

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



17